UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT HART,

    Plaintiff,

v.                                                     Case No. 8:04-cv-2771-T-30EAJ

MBNA AMERICA BANK, N.A., et al.,

    Defendants.

_____/

# **ORDER**

**THIS CAUSE** comes before the Court upon a Motion to Dismiss the Complaint (Dkt. #47) made by MBNA America Bank, N.A. ("MBNA" or "Defendant"). Plaintiff responded with a Motion to Strike (Dkt. #49), a Memorandum in Opposition (Dkt. #58), and an Objection (Dkt. #59) in which he argues for the sufficiency of the Complaint.

Plaintiff alleges that the Defendants, including MBNA, committed acts of fraud and violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961, et seq. Defendant MBNA contends that Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction, or alternatively for failure to state a claim upon which relief can be granted. For the reasons outlined below, this Court finds that all of Plaintiff's claims against Defendant MBNA should be dismissed for failure to state a claim for which relief can be granted according to Fed. R. Civ. P. 12(b)(6).

The appropriate standard for deciding to dismiss a complaint is whether it appears beyond a reasonable doubt that the Plaintiff can prove no set of facts to support his claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The Court must view the complaint in the light most favorable to the Plaintiff and construe the allegations in the complaint as true. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985). This Court is not required to accept Plaintiff's conclusions of law, however, when considering a motion to dismiss. Solis-Ramirez v. United States Dep't of Justice, 758 F.2d 1426, 1429 (11th Cir. 1985).

This Court agrees with the Defendant that the Complaint does not allege specific acts of wrongdoing by Defendant MBNA to support its claim that Defendant committed fraud and violated RICO. Plaintiff's Complaint consists entirely of conclusory statements of law not supported by specific factual allegations. For example, in attempting to plead the predicate acts required of a RICO claim, Plaintiff makes a general reference to the filing of a "fraudulent security instrument."[1] Without more, it is not possible for this Court to determine whether the activity alleged in the complaint constitutes a qualifying predicate act under 18 U.S.C.A. §1961(1).

---

[1] Plaintiff appears to allege extortion, in addition to fraud, as a qualifying predicate act under 18 U.S.C.A. §1961(1). Extortion is "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C.A. §1951(b)(2). Plaintiff fails to allege that property was obtained and that it was obtained with Plaintiff's consent. Plaintiff's extortion claims, therefore, are insufficient as well.

Additionally, although it appears that Plaintiff alleges fraud as a predicate act, he does not plead the fraud with particularity as required by Fed. R. Civ. P. 9(b). "Rule 9(b) is satisfied if the complaint sets forth '(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.'" Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting Brooks v. Blue Cross and Blue Shield of Florida, Inc., 116 F.3d 1364, 1371 (11th Cir.1997)).  Rule 9(b) applies when fraud is an alleged predicate act under a RICO claim. Durham v. Bus. Mgmt. Associates, 847 F.2d 1505 (11th Cir. 1988).

Applying this test to Plaintiff's Complaint, the Complaint is not sufficient to satisfy Rule 9(b). First, Plaintiff does not provide detail of what fraudulent statements were made, nor does it specify the documents in which they were made. Second, the Complaint does not allege the manner in which the fraudulent statements misled Plaintiff. Finally, Plaintiff has not specified what the defendants obtained through the fraud. Accordingly, Plaintiff's Complaint fails to satisfy the requirements of Rule 9(b). The Complaint therefore fails to set forth sufficient facts to support Plaintiff's cause of action against Defendant.

Plaintiff is granted leave to file an amended complaint if he can allege facts that constitute a viable cause of action. Plaintiff is cautioned that he may be subject to Rule 11

sanctions should this Court find an amended complaint to be frivolous or not legally warranted. Fed. R. Civ. P. 11(b).

It appears that Plaintiff may be filing this claim because of an unfavorable decision he received in state court regarding an outstanding debt. Implicit in Plaintiff's allegation that Defendant committed a fraud is the notion that no such debt to MBNA ever existed. This allegation is in conflict with the state court's decision in favor of MBNA. Plaintiff is cautioned that, according to the Rooker-Feldman Doctrine and the doctrine of res judicata, this Court lacks jurisdiction to review a state court decision that a party believes was rendered in error. ("[F]ederal courts, other than the United States Supreme Court, do not have jurisdiction to review the final judgments of state courts." Amos v. Glynn County Bd. Of Tax Assessors, 347 F.3d 1249, 1266 n.11 (11th Cir. 2003)). Instead of bringing a new suit in federal court, Plaintiff should file an appeal in state court if he believes that the lower court ruling was in error.

Because Plaintiff has failed to state a claim for which relief can be granted, Defendant MBNA should be dismissed from this action.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant MBNA's Motion to Dismiss (Dkt. #47) is **GRANTED**.

2. Plaintiff's Motion to Strike (Dkt. #49) is **DENIED**.

3. Plaintiff's Objection (Dkt. #59) is **DENIED**.

4. Plaintiff is granted leave to file an Amended Complaint within twenty (20) days of the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on June 2, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\PDF TEMP FILE\04-cv-2771.Order.wpd