**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ROBERT HART,**

    **Plaintiff,**

v.                                                                          Case No.  8:04-cv-2771-T-30EAJ

**MBNA AMERICA BANK, N.A., et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant MBNA America Bank, N.A.'s Motion to Dismiss Amended Complaint (Dkt. 71-1), Plaintiff's Response thereto (Dkt. 72) and Defendants Stanley B. Erskine, Andrew D. Fleisher, and Law Office of Erskine and Fleisher's Dispositive Motion for Judgment on the Pleadings for Failure to State a Cause of Action (Dkt. 74) and Plaintiff's Response to the same (Dkt. 77).  For the reasons set forth below, Defendant MBNA America Bank, N.A. and Defendants Stanley B. Erskine, Andrew D. Fleisher and Law Offices of Erskine and Fleisher's (hereinafter collectively "Defendants") Motions are **GRANTED**:

### BACKGROUND

On December 23, 2004, Plaintiff filed a complaint (Dkt. 1) alleging that Defendants, including Defendant MBNA, committed acts of fraud and violated the Racketeer Influenced and Corrupt Organizations Act (hereinafter "RICO"), 18 U.S.C. §1961, *et seq.* Subsequently, on March 15, 2005, Defendant MBNA filed a Motion to Dismiss (Dkt. 47) for

lack of subject matter jurisdiction, or alternatively, for failure to state a claim upon which relief could be granted. This Court, on June 2, 2005, granted Defendant MBNA's Motion to Dismiss and provided Plaintiff leave to amend the Complaint within 20 days (Dkt. 62). Plaintiff filed his Amended Complaint (Dkt. 66) on June 23, 2005.

## DISCUSSION

In ruling on a motion to dismiss a complaint, the appropriate standard is whether it appears beyond a reasonable doubt that a Plaintiff can prove no set of facts to support his claim. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The Court must view the complaint in the light most favorable to the Plaintiff and construe the allegations in the complaint as true. Hishon v. King & Spalding, 467 U.S. 69,73 (1984). However, the threshold is "exceedingly low" for a complaint to survive a motion to dismiss for failure to state a claim. Ancata v. Prison Health Services, Inc., 769 F.2d 700, 703 (11th Cir. 1985). Moreover, this Court is not required to accept Plaintiff's conclusions of law when considering a motion to dismiss. Solis-Ramirez v. United States Dep't of Justice, 758 F.2d 1426, 1429 (11th Cir. 1985).

In reviewing Plaintiff's Amended Complaint, Plaintiff has again failed to present any *factual* allegations to support his fraud and RICO claims. The Amended Complaint instead is replete with unsupported conclusory statements of law. For example, instead of providing factual allegations of the predicate acts required for a RICO claim, Plaintiff has simply incorporated the allegations contained in his original complaint (Dkt. 66 at 1), as well as alleged a litany of legal conclusions guised as facts.

Similar to his original Complaint, Plaintiff appears to be alleging extortion and fraud as the requisite predicate acts under 18 U.S.C.A. § 1961(1). However, with regard to extortion, Plaintiff has once again failed to cure the pleading deficiencies noted in this Court's previous Order (Dkt. 62 at 2, fn1), i.e., he has failed to allege facts showing that property was obtained and that the property was obtained with his consent by wrongful use of actual or threatened force, violence or fear.[1] His apparent claim of fraud as a predicate act is similarly insufficient as he has failed to plead fraud with particularity, as required by Federal Rule of Civil Procedure 9(b). As stated in detail in this Court's previous Order (Dkt. 62 at 3), in order to satisfy the pleading requirements of Rule 9(b), Plaintiff was to present factual details of what fraudulent statements were made, specify the documents in which these fraudulent statements were made, allege the manner in which he was misled by the fraudulent statements and what the defendants obtained as a result of the fraud. His Amended Complaint fails to meet these requirements.

## CONCLUSION

Plaintiff has failed to cure any of the deficiencies contained in his original Complaint and discussed in this Court's previous Order (Dkt. 62). He has instead simply incorporated the allegations from his original Complaint into his Amended Complaint and added thereto more conclusory statements of law. As such, Plaintiff's Amended Complaint fails to set forth

---

[1] The Court acknowledges that in his Original Complaint, and by incorporation his Amended Complaint, Plaintiff alleges Defendant Erskine "use[d] threat, coercion, intimidation, and deception to . . . extort money and property." (Dkt. 1 at 3). However, Plaintiff, as noted in this Court's original Order, has again failed to allege any specific facts detailing how or in what manner he was threatened; he simply alleges he was threatened. This allegation, alone, is insufficient.

facts sufficient to support his causes of action against Defendants. Permitting Plaintiff another opportunity to amend will not, in this Court's view, cure the inherent deficiencies in the pleading, as evidenced by Plaintiff's Amended Complaint. Further amendment would be futile.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant MBNA America Bank, N.A.'s Motion to Dismiss Amended Complaint (Dkt. 71-1) is **GRANTED**.

2. Defendants Stanley B. Erskine, Andrew D. Fleisher, and the Law Offices of Erskine and Fleisher's Motion for Judgment on the Pleadings for Failure to State a Cause of Action (Dkt. 74) is **GRANTED.**

3. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE.**

4. The Clerk is hereby ordered to deny all pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on September 21, 2005.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2004\04-cv-2771 Motion to Dismiss.frm